UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS

No. 6:24-cv-00144

**Brian Newman et al.,**
*Plaintiffs,*

v.

**Smith County, Texas, et al.,**
*Defendants.*

# ORDER

Plaintiffs brought this lawsuit under the Civil Rights Act of 1871 and Texas law after Torry Newman died while incarcerated in the Smith County jail. The case was referred to a magistrate judge.

Defendants Larry Smith, John Shoemaker, Maria Vallejo-Robles, Nicholas Lee Vega, Norali Velazquez, and Tre Kobe Washington (collectively "Smith County defendants") moved for summary judgment based on qualified immunity. Plaintiffs opposed the motion but stated that they intend to dismiss defendants Larry Smith, John Shoemaker, and Tre Kobe Washington. Doc. 76 at 31. The magistrate judge issued a report and recommended that defendants Smith, Shoemaker, and Washington be dismissed. Doc. 85 at 28. The magistrate judge also recommended that the motion for summary judgment be granted as to the remaining Smith County defendants on plaintiffs' claims against them arising under federal law. *Id.* Plaintiffs timely objected.

When timely objections to a magistrate judge's report and recommendation are filed, the court reviews de novo the parts of the report that have been properly objected to. Fed. R. Civ. P. 72(b)(3); 28 U.S.C. § 636(b)(1)(C). The court reviews unobjected-to parts for clear error. Fed. R. Civ. P. 72(b), advisory committee's notes to 1983 addition; *United States v. Wilson*, 864 F.2d 1219, 1221 (5th Cir. 1989) (per curiam).

### I. Plaintiff's objections

#### A. Objections 1 and 4

Plaintiffs contend that the report concludes that Newman was alive at 4:51 a.m. and thus wrongly resolves a credibility dispute. Doc. 88 at 2, 4. That is incorrect. The report acknowledges that plaintiffs dispute whether Washington saw Newman alive at 4:51 a.m. Doc. 85 at 15. The report then notes that Newman "may already have been deceased at that time." *Id.* It also acknowledges, however, that defendant *believed* that Newman was alive at 4:51 a.m. and that defendant lacked training to determine whether a person was in distress or having trouble breathing. *Id.* The magistrate judge did not determine when Newman died, and plaintiffs have not shown how such a factual finding would alter the report's findings or recommendations. Plaintiff's first and fourth objections are overruled.

#### B. Objection 5

Plaintiffs also object that the report fails to consider material evidence that Newman was pleading for help due to an inability to breathe. Doc. 88 at 4–5. The report acknowledges that Newman yelled for help between 1:00 a.m. and 3:00 a.m. and complained that he could not breathe. Doc. 85 at 15. Even assuming that Newman was unable to breathe during that time, that fact does not establish deliberate indifference. What matters is whether defendants were "aware of facts from which the inference could be drawn that a substantial risk of serious harm exists" and that they "also dr[ew] the inference." *Farmer v. Brennan*, 511 U.S. 825, 837 (1994). The report's qualified immunity analysis did not turn on whether Newman was unable to breathe when he was yelling for help. Plaintiffs have not shown why it should. The objection is overruled.

#### C. Objections 2, 3, 6, and 7

Next, plaintiffs raise several objections to how the report characterizes the facts. Doc. 88 at 3–5. Plaintiffs also contend that the report misapplied or incorrectly relied on nearly all the cases it

- 2 -

examined in its qualified-immunity analysis. *Id.* at 5–7. Plaintiffs' specific objections are as follows:

- The report erred in framing Newman's yells for help as an unknown medical emergency when his yells that he could not breathe and needed both water and medicine were sufficient to create subjective awareness. These facts, plaintiffs claim, are "very similar" to those in *Ford v. Anderson County*, 102 F.4th 292 (5th Cir. 2024). Doc. 88 at 3.

- The report overemphasized that Newman was not on medical observation and the officers' lack of knowledge of Newman's asthma. In doing so, plaintiffs argue, the report required knowledge of a precise diagnosis to establish knowledge of a risk of harm. This, they further argue, clashes with Fifth Circuit caselaw that does not require knowledge of a diagnosis "where obvious signs and direct pleas establish a serious risk." *Id.* at 4.

- The report wrongly distinguished *Ford* and *Austin v. Johnson*, 328 F.3d 204 (5th Cir 2003), because a jury could find that a known emergency existed and that defendants unreasonably delayed in responding. Doc. 88 at 5.

- The report incorrectly applied *Carmona v. City of Brownsville*, 126 F.4th 1091 (5th Cir. 2025), by concluding that like the officers in *Carmona*, defendants here lacked subjective awareness. But, plaintiffs object, the facts stated in the report demonstrate obvious signs of an emergency. Doc. 88 at 5–6.

- The report misapplied *Taylor v. Riojas*, 592 U.S. 7 (2020), because the need for medical attention here was so obvious that no on-point case is needed to inform a reasonable officer of what action is required in such circumstances. Doc. 88 at 6.

- The report treated knowledge of a diagnosis "as functionally necessary" in conflict with *Farmer v. Brennan*, 511 U.S. 825 (1994), which permits an inference of knowledge

      from the existence of an obvious substantial risk. Doc. 88 at 6.

- The report wrongly relied on cases where signs of a substantial risk were ambiguous or not obvious because the facts here are "far closer to obvious-emergency scenarios." Plaintiffs further contend that the facts are even more obvious than in *Ford*—which they characterize as denying qualified immunity even though a request for a doctor and to go to the hospital "left room for speculation." *Id.* at 7.

    As an initial matter, plaintiffs largely assume in their objections the conclusion they set out to prove. Plaintiffs assume that a substantial risk of serious harm was obvious when arguing that the report should have treated the risk as obvious. But plaintiffs never explain *why* the risk was obvious. They skip that step.

    That step matters. Plaintiffs do not engage with the report's rationale for concluding that the risk in this case was not obvious. By failing to do so, plaintiffs ask this court to reject reasons to which they do not object—and which support the report's findings and recommendations.

    That said, plaintiffs do challenge the report's emphasis on the fact that Newman was not on medical observation and the officers' lack of knowledge of Newman's asthma. They characterize that emphasis as creating a "diagnosis-specific knowledge" requirement. *Id.* at 6. But again, plaintiffs fail to address *why* the report emphasized those facts—namely, the report's reliance on the reasoning in *Ford*. Doc. 85 at 18–19, 25. Nor do plaintiffs explain why the report's reasoning about its emphasis on both facts supports an inference that the report creates a new rule that conflicts with precedent. They just say that it does.

    Furthermore, plaintiff's seventh objection does not accurately characterize *Ford*'s reasoning. The decedent in *Ford* did make specific requests for a doctor and to go to the hospital. *Ford*, 102 F.4th at 314. But those requests were accompanied by several other signs indicating a medical emergency. *Id.* As to two of the officers who interacted with the decedent when her symptoms were

worsening, *Ford* held that a material dispute of fact existed regarding whether the officers heard the decedent's cries for help and saw her dark-colored vomit. *Id.* And *Ford* affirmed a grant of summary judgment to a jailer who denied the decedent's request for a doctor three days earlier. *Id.* at 317. The court explained that a single denial of a request to see a doctor, absent additional evidence of a medical emergency, was insufficient to establish deliberate indifference. *Id.*

In sum, plaintiffs' objections do not explain why the signs of a substantial risk of serious harm were obvious rather than ambiguous. And no objection addressed the report's reasoning on that point. Yet plaintiffs premise several of their objections on conclusory assertions that the facts show an obvious substantial risk. Objections 2, 3, 6, and 7 are overruled.

## II. Qualified immunity

The court reviews the report to determine whether it erred in concluding that the signs of Newman's inability to breathe were not obvious and that defendants lacked subjective knowledge. As the report noted, defendants moved for summary judgment on the issue of qualified immunity. Doc. 68 at 2; Doc. 85 at 12. Therefore, plaintiffs have the burden to show that (1) a genuine issue of material fact exists regarding whether defendants violated a constitutional or statutory right and (2) that the right in question was clearly established at the time of the alleged violation. *See Carmona*, 126 F.4th at 1096; *Rogers v. Jarrett*, 63 F.4th 971, 975 (5th Cir. 2023). Plaintiffs must also show that even if defendants' conduct did violate a clearly established right, a fact issue exists regarding whether that conduct was reasonable. *Kokesh v. Curlee*, 14 F.4th 382, 392 (5th Cir. 2021) (citing *Gates v. Tex. Dep't of Protective & Regul. Servs.*, 537 F.3d 404, 419 (5th Cir. 2008)). The court must view all facts and inferences in the light most favorable to plaintiffs as the non-movants. *See Melton v. Phillips*, 875 F.3d 256, 261 (5th Cir. 2017) (en banc).

In addition, plaintiffs allege that defendants engaged in deliberate indifference in violation of the Eighth Amendment. Doc. 1

at 13–15. The report correctly explains that to prevail on that claim, plaintiffs must show that defendants were "aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and actually drew the inference." Doc. 85 at 13–14 (citing *Carmona*, 126 F.4th at 1097). Serious harm means a medical need that is "so apparent that even laymen would recognize that care is required." *Id.* (quoting *Rogers*, 63 F.4th at 976). A belief that serious harm will actually befall an inmate is not necessary; knowledge of a substantial risk of serious harm is sufficient. *Farmer*, 511 U.S. at 842. The trier of fact can infer knowledge if a risk is obvious. *Id.* at 840, 844; *Kelson v. Clark*, 1 F.4th 411, 419 (5th Cir. 2021). Nonetheless, "an official's failure to alleviate a significant risk that he should have perceived but did not" is insufficient to establish deliberate indifference. *Farmer*, 511 U.S. at 838. Mere awareness of a potential for a risk of serious harm is also insufficient. *Carmona*, 126 F.4th at 1097 (citing *Rogers*, 63 F.4th at 976–77). At bottom, "[defendants] must have been subjectively aware of the 'severity of [Newman's] condition.'" *Id.* (quoting *Rogers*, 63 F.4th at 976).

The court finds no error in the report's extensive review of Fifth Circuit caselaw on deliberate indifference and will not reproduce that discussion here. The common thread in those cases is that qualified immunity turned on whether a jury could find that the officers knew of the severity of the condition that showed a substantial risk of serious harm. If a layman would have needed more information to determine the severity of the condition and the risk it posed, the deliberate indifference claim failed.

Plaintiffs contend that the facts here show obvious signs of a medical emergency. *See, e.g.*, Doc. 75 at 22, 24–25; Doc. 88. But plaintiffs do not dispute that defendants were unaware of Newman's asthma—even though plaintiffs claim that Newman had an asthma attack one day after entering the jail. Doc. 75 at 14. Plaintiffs also make little effort to rebut defendants' denials of subjective awareness, merely asserting that defendants did draw the requisite inference. Rather, plaintiffs argue that "the risk of serious

harm or death from being unable to breathe is obvious to anyone." Doc. 75 at 22.

The report did not reject that argument. Instead, it explained that, based on its thorough review of Fifth Circuit precedent, the facts here do not rise to a known medical emergency. Doc. 85 at 25–28. Plaintiffs seem to argue that Newman's calls for help and known mental illness were sufficient to give defendants knowledge that Newman could not breathe when he called for help. They have not, however, pointed to any other signs that would have given defendants knowledge of the severity of Newman's condition. Absent additional signs, plaintiffs have not shown that the circumstances gave defendants reason to do more than investigate. Indeed, plaintiffs underscore that if an inmate calls for help, jailers are supposed to respond, evaluate the situation, and "see if he is actually in pain or has a medical emergency" before calling for medical care. Doc. 75 at 7, 20.

At this stage, plaintiffs do not need to prove deliberate indifference; they only have the burden to show genuine issues of material fact. Yet at most, plaintiffs have only established a fact issue of whether defendants heard Newman's calls for help and then failed to investigate. Even if a jury resolved those fact issues in plaintiffs' favor, the record would not establish that defendants were aware of the severity of Newman's condition—much less that Newman's inability to breathe was obvious. Plaintiffs have not met their burden to overcome qualified immunity.

### III. Conclusion

Having reviewed the magistrate judge's report de novo, the court overrules plaintiffs' objections and accepts the report's findings and recommendations. Defendants Smith, Shoemaker, and Washington are dismissed from this case without prejudice. The motion for summary judgment based on qualified immunity (Doc. 68) is granted as to defendants Vallejo-Robles, Vega, and Velaquez. Plaintiffs' federal claims against defendants Vallejo-Robles, Vega, and Velaquez are therefore dismissed with prejudice. This order does not affect any claims arising under state law.

*So ordered by the court on September 3, 2025.*

J. CAMPBELL BARKER
United States District Judge