UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS

———

No. 6:24-cv-00144

———

**Brian Newman et al.,**
*Plaintiffs,*

v.

**Smith County, Texas, et al.,**
*Defendants.*

———

**O R D E R**

Plaintiffs brought this lawsuit under the Civil Rights Act of 1871 and Texas law after Torry Newman died while incarcerated in the Smith County jail. Doc. 1 at 2, 10. The case was referred to a magistrate judge.

Ten months after filing suit, plaintiffs served defendant April Dimaculangan.[1] Doc. 56. Dimaculangan subsequently moved to dismiss for failure to state a claim and untimely service. Doc. 59 at 5–6, 10. In their response, plaintiffs requested to voluntarily withdraw their Texas constitutional claim. Doc. 63 at 19. The magistrate judge issued a report recommending that Dimaculangan's motion be denied. Doc. 83 at 15. The report also recommended that plaintiffs' claims under the Texas Constitution be dismissed without prejudice as plaintiffs requested. *Id.* Dimaculangan timely objected.

When a party timely objects to a magistrate judge's report and recommendation, the court reviews de novo the parts of the report that have been properly objected to. Fed. R. Civ. P. 72(b)(3); 28 U.S.C. § 636(b)(1)(C). The court reviews the record as to unobjected-to parts for clear error. Fed. R. Civ. P. 72(b) adv. comm. n. (1983); *United States v. Wilson*, 864 F.2d 1219, 1221 (5th Cir. 1989) (per curiam). The court will not consider facts or issues

---

[1] Defendant Dimaculangan is erroneously identified in the complaint and on the docket as Maria Dimaculanga. The court refers to her by her correct name.

raised for the first time in objections, as neither is properly before the district court. *See Bass v. Director, TDCJ-CID*, No. 6:17-cv-00223, 2020 WL 57279, at *2 (E.D. Tex. Jan. 3, 2020).

## I. Untimely service of process

Federal Rule of Civil Procedure 4(m) requires service of process to be completed within 90 days of filing the complaint. Rule 4(m) directs the court to extend the time for service, however, if the plaintiff shows good cause for failing to timely serve. To establish good cause, the plaintiff must show good faith and a reasonable basis for untimely service. *Thrasher v. City of Amarillo*, 709 F.3d 509, 511 (5th Cir. 2013). "Proof of good cause requires at least as much as would be required to show excusable neglect, as to which simple inadvertence or mistake of counsel or ignorance of the rules usually does not suffice." *Id.* (cleaned up).

Dimaculangan objects to the report's recommendation that plaintiffs showed good cause. As the report details, plaintiffs were unable to obtain contact information for Dimaculangan until they discovered that another defendant had attended a party at her home. Doc. 63 at 19–22; Doc. 83 at 14. Dimaculangan states that her correct name was listed in the jail's medical records and that she is a licensed registered nurse in Texas. Doc. 84 at 2–3. She also notes that her attorney was able to contact her based on the same information available to plaintiffs. *Id.* at 3; *see also* Doc. 65 at 6–7. Those facts, Dimaculangan contends, show that plaintiffs did not exercise due diligence. In addition, Dimaculangan argues that plaintiffs should have sought an extension of time to serve instead of including a retroactive request in their response brief.

The court notes that Dimaculangan did not mention the jail's medical records or her state registration in her motion to dismiss or reply brief. Even if Dimaculangan had raised them, however, the outcome would be the same. Plaintiffs took numerous steps to locate and serve Dimaculangan. Although plaintiffs were repeatedly stymied by outdated information and dead-end leads, they ultimately obtained Dimaculangan's address from defendant Nicholas Vega and defendant Smith County's supplemental

disclosures. The court agrees with the report that plaintiffs established good cause.

That Dimaculangan's attorney "easily" located her using the same information is of little consequence. *See* Doc. 84. Dimaculangan does not say how or when her attorney obtained her correct contact information. It is thus unclear how the attorney's ability to find Dimaculangan reflects on plaintiffs' delay in serving process. Other means for locating Dimaculangan perhaps existed. But good cause does not require exhaustion of every conceivable means to accomplish service. Good cause requires a showing of good faith and a reasonable basis for untimely service. *Thrasher*, 709 F.3d at 511. Plaintiffs made that showing. Dimaculangan's first objection is therefore overruled.

## II. Deliberate indifference

Next, Dimaculangan objects to the report's recommendation that plaintiffs plausibly stated a claim of deliberate indifference against her. Doc. 84 at 3. Dimaculangan contends that plaintiffs' allegations are generic and fail to sufficiently allege that she intentionally or recklessly denied or delayed treatment for Newman. *Id.* at 4.

The court rejected a similar argument when denying motions to dismiss filed by Turn Key Health Clinics, LLC, and Turn Key Health Clinicians, PLLC (Turn Key defendants). Doc. 79 at 8–11. There, the court determined that "plaintiffs' allegations make plausible a conclusion that defendants exhibited a wanton disregard for Newman's serious medical needs—namely, his chronic and severe asthma." *Id.* at 10 (citation modified). Those allegations "thus show a subjective deliberate indifference by prison officials, and . . . plausibly allege a constitutional violation." *Id.*

The court agrees with the report that the same reasoning applies here. Doc. 83 at 10. Dimaculangan's objections do not explain why it should not. Plaintiffs allege that Dimaculangan was a "member" and "an agent, employee, and/or subcontractor of the Turn Key Defendants." Doc. 1 at 8. Plaintiffs further allege that Dimaculangan "was responsible for providing medical care" to

Newman and "act[ed] in the course and scope of [her] employment with the County and/or Turn Key." *Id.* at 8, 19. Although the allegations against Dimaculangan and the Turn Key defendants are not identical, they are substantially similar and have a high degree of overlap. It would thus be inconsistent to hold that plaintiffs plausibly alleged deliberate indifference as to the Turn Key defendants but that they failed to do so as to Dimaculangan. Dimaculangan's second objection is overruled.

### III. Conclusion

Having reviewed the objected-to portions of the magistrate judge's report de novo and the record as to the unobjected-to portions for clear error, the court overrules Dimaculangan's objections and accepts the report's findings and recommendations. Dimaculangan's motion to dismiss (Doc. 59) is denied.

*So ordered by the court on September 16, 2025.*

J. CAMPBELL BARKER
United States District Judge